# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Wendell Dwayne O'Neal, | Civil No. 12-2549 (DWF/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| City of New Brighton; Hughes & Costello Law Firm; Unknown Vehicle Owner; Mark, Law Clerk; and Dustin Bengston; | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Plaintiff Wendell Dwayne O'Neal's Motion for Temporary Injunctive Relief (ECF No. 5) and First Amended Temporary Injunctive Relief Motion (ECF No. 11). All dispositive and nondispositive motions were referred to this Court in an Order of Reference dated November 29, 2012 (ECF No. 10). For the reasons set forth below, the Court recommends that the motions be denied.

## I. BACKGROUND

Plaintiff Wendell Dwayne O'Neal commenced this action on October 4, 2012, seeking relief pursuant to 42 U.S.C. § 1983. He filed an Amended Complaint on November 26, 2012.

### A. Factual Allegations in the Amended Complaint

The following facts are adduced from the Amended Complaint (ECF No. 8). Defendant Unknown Vehicle Owner ("Owner") asked Plaintiff to retrieve his vehicle from a Minneapolis impound lot on September 27, 2008. (Am. Compl. ¶ 22.) Owner accompanied Plaintiff to the lot, and after Plaintiff obtained the car, Owner asked Plaintiff to drive to an Exxon gas station in New Brighton. (*Id.* ¶ 11.) Defendant Dustin Bengston ("Bengston"), a New Brighton police

officer, was at the Exxon station when Plaintiff arrived. (*Id.* ¶ 13.) When Plaintiff left the parking lot, Bengston followed him and stopped the car. (*Id.* ¶ 16.) Bengston informed Plaintiff that Owner's license had been revoked. (*Id.* ¶ 17.) At Bengston's request, Plaintiff produced his Alabama driver's license and said he did not have Owner's proof of insurance. (*Id.* ¶ 19.) Bengston issued Plaintiff a citation for no proof of insurance. (*Id.* ¶ 23.) The citation stated that Plaintiff was unable to produce valid proof of insurance as required by Minn. Stat. § 169.791, but the citation did not indicate Plaintiff knew Owner had no proof of insurance.[1] (*Id.* ¶ 27.)

Plaintiff challenged the citation in court, and the Honorable Michael F. Fetsch dismissed the charge because the citation contained no information about Plaintiff's knowledge. (*Id.* ¶ 31.) On February 18, 2009, New Brighton recharged Plaintiff with having no proof of insurance through an attorney at Defendant Hughes & Costello Law Firm ("Hughes & Costello"). (*Id.* ¶ 34.)

Meanwhile, Plaintiff had returned to Alabama, and he received notice of the new citation by mail. (*Id.* ¶¶ 42, 43.) Plaintiff's Minnesota driver's license was suspended on March 24, 2009. (*Id.* ¶ 44.) Due to the suspension, Plaintiff had to use public transportation to attend court appearances, attend classes, and visit relatives. (*Id.* ¶ 45.) In April 2009, the state court denied Plaintiff's motion to vacate the suspension and ordered him to post bail. (*Id.* ¶ 46.) In July 2011, a court clerk told Plaintiff the bond requirement had expired in 2010, and he no longer needed to post bond. (*Id.* ¶ 51.) In September 2012, however, a court clerk informed Plaintiff he needed to contact a hearing officer or Hughes & Costello to negotiate a guilty plea on the outstanding

---

[1] Minnesota Statute § 169.791, subdivision 2, provides: "A driver who is not the owner of the vehicle may not be convicted under this section unless the driver knew or had reason to know that the owner did not have proof of insurance required by this section, provided that the driver provides the officer with the name and address of the owner at the time of the demand or complies with subdivision 3."

charge. (*Id.* ¶ 43.) Plaintiff made multiple attempts to schedule a hearing, and on September 28, 2012, a judicial law clerk, Defendant Mark ("Mark"), told Plaintiff over the phone that he had to arrange a guilty plea by mail or a warrant would be issued for his arrest. (*Id.* ¶¶ 56, 58.) Mark knew Plaintiff was African-American, and Plaintiff felt threatened and intimidated. (*Id.* ¶ 59.) Plaintiff said he would file a lawsuit instead. (*Id.* ¶ 60.)

Plaintiff alleges that New Brighton failed to properly train and supervise Bengston regarding no-proof-of-insurance violations, and failed to properly train and supervise Hughes & Costello about the dismissal of the charge in the first instance. (*Id.* ¶¶ 63, 64.) He accuses New Brighton, Bengston, Hughes & Costello, and Owner of conspiracy and abuse of process. (*Id.* ¶¶ 1-50.) He also asserts a denial-of-access-to-the-courts and intimidation claim against Mark. (*Id.* ¶¶ 51-62.) Lastly, he brings a negligence claim against all Defendants. (*Id.* ¶¶ 67-69.)

### B. Plaintiff's Motions for Temporary Injunctive Relief and Stay

Plaintiff filed a motion for temporary injunctive relief pursuant to Federal Rule of Civil Procedure 65(b)(1) to enjoin any law enforcement officer or agent from arresting him, detaining him, or impounding his vehicle for driving with a suspended license. Plaintiff believes the state court's dismissal of the original complaint bars the new charge. He asserts that irreparable harm will occur if he is arrested or his vehicle is impounded. He also argues that the suspension of his driver's license prevents him from relocating to Minnesota from Alabama.

On November 30, 2012, Plaintiff filed an amended motion for temporary injunctive relief. Apparently, Plaintiff learned from the Minnesota Driver and Vehicle Services Division on November 29, 2012, that his Minnesota driver's license is, in fact, not suspended. Should the Court find injunctive relief unwarranted, given this development, Plaintiff asks for an order staying the state court proceeding on the new charge.

## II. DISCUSSION

### A. Motion for Temporary Restraining Order

A court may issue a temporary restraining order without notice to the other side when:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiff has not satisfied either of these requirements. He has not clearly shown through an affidavit or verified complaint that he will suffer immediate and irreparable injury or loss before Defendants could respond to his motion, nor has he certified his efforts to give notice to Defendants. In a similar vein, Plaintiff has not satisfied the requirement of *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981), that he demonstrate irreparable harm. In fact, Plaintiff concedes his Minnesota license is no longer suspended. Thus, there is no danger he will be detained or his vehicle impounded for driving with a suspended license.

In addition, Plaintiff has asked for the injunction presumably to be enforceable against every law enforcement officer nationwide. This request is far too broad. A court cannot issue a restraining order against a non-party unless the non-party is an officer, agent, servant, employee, or attorney of a party, or the non-party is acting in concert with a party or party's officer, agent, servant, employee, or attorney. Fed. R. Civ. P. 65(d)(2)(B), (C). Plaintiff has not shown that all law enforcement officers are Defendants' agents or are acting in concert with Defendants.

### B. Request to Stay State Court Proceeding

Plaintiff moves the Court to stay the pending state court proceeding. The Anti-Injunction Act, 28 U.S.C. § 2283, bars federal courts from enjoining state court proceedings, however, except in certain circumstances not present here.

### III. RECOMMENDATION

Plaintiff is not entitled to temporary injunctive relief or a stay of the state court proceeding. Accordingly, **IT IS HEREBY RECOMMENDED** that:

(1) Plaintiff's Motion for Temporary Injunctive Relief (ECF No. 5) be **DENIED**; and

(2) Plaintiff's First Amended Temporary Injunctive Relief Motion (ECF No. 11) be **DENIED**.

Dated: December 5, 2012

s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **December 21, 2012**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.