# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Wendell Dwayne O'Neal, | Civil No. 12-2549 (DWF/JJG) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| City of New Brighton, Hughes & Costello Law Firm, Unknown Vehicle Owner, and Dustin Bengtson, | |
| **Defendants.** | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Defendant Hughes & Costello's Motion to Dismiss (ECF No. 27), Defendants City of New Brighton and Dustin Bengtson's Motion to Dismiss (ECF No. 30), and Plaintiff's Motion for Leave to File a Second Amended Complaint and for Voluntary Dismissal of Claims Against Defendant Grosshans (ECF No. 34). All dispositive and nondispositive motions were referred to this Court by the Honorable Donovan W. Frank in an Order of Reference dated November 29, 2012 (ECF No. 10). For the reasons set forth below, the Court recommends that the motions to dismiss be granted, the motion to amend the complaint be denied, and the motion for voluntary dismissal be denied as moot.

## I.    Background

Plaintiff Wendell Dwayne O'Neal commenced this action on October 4, 2012, seeking relief primarily pursuant to 42 U.S.C. § 1983. He filed an Amended Complaint on November 26, 2012 (ECF No. 8), which is the operative pleading. Essentially, Plaintiff is challenging a citation for driving without proof of insurance and subsequent state proceedings.

The following facts are adduced from the Amended Complaint. Defendant "Unknown Vehicle Owner," who is later identified in the Amended Complaint as Toraus Marquis Eason ("Eason"), asked Plaintiff to retrieve Eason's vehicle from a Minneapolis impound lot on September 27, 2008. (Am. Compl. ¶¶ 22, 32, ECF No. 8.) Eason accompanied Plaintiff to the lot, and after Plaintiff obtained the car, Eason asked Plaintiff to drive to an Exxon gas station in New Brighton. (*Id.* ¶ 11.) Defendant Dustin Bengtson ("Bengtson"), a New Brighton police officer, was at the Exxon station when Plaintiff arrived. (*Id.* ¶ 13.) When Plaintiff left the parking lot, Bengtson followed him and stopped the car. (*Id.* ¶ 16.) Bengtson informed Plaintiff that Eason's license had been revoked. (*Id.* ¶ 17.) At Bengtson's request, Plaintiff produced his Alabama driver's license and said he did not have Eason's proof of insurance. (*Id.* ¶ 19.) Bengtson issued Plaintiff a citation for no proof of insurance. (*Id.* ¶ 23.) The citation stated that Plaintiff was unable to produce valid proof of insurance as required by Minn. Stat. § 169.791,[1] but the citation did not indicate Plaintiff knew Eason had no proof of insurance. (*Id.* ¶ 27.)

Plaintiff challenged the citation. The Honorable Michael F. Fetsch, Ramsey County District Judge, dismissed the charge because the citation contained no information about Plaintiff's knowledge. (*Id.* ¶ 31.) On February 18, 2009, New Brighton's City Attorney, Thomas Hughes ("Hughes"), recharged Plaintiff with no proof of insurance. (*Id.* ¶¶ 4, 34.) Hughes is an attorney at Defendant Hughes & Costello Law Firm ("Hughes & Costello").

Meanwhile, Plaintiff returned to Alabama and received notice of the new citation by mail. (*Id.* ¶¶ 42, 43.) Plaintiff's Minnesota driver's license was suspended on March 24, 2009.

---

[1] Minnesota Statute § 169.791, subdivision 2, provides: "A driver who is not the owner of the vehicle may not be convicted under this section unless the driver knew or had reason to know that the owner did not have proof of insurance required by this section, provided that the driver provides the officer with the name and address of the owner at the time of the demand or complies with subdivision 3."

(*Id*. ¶ 44.) Due to the suspension, Plaintiff had to use public transportation to attend court appearances, attend classes, and visit relatives. (*Id*. ¶ 45.) In April 2009, the state court denied Plaintiff's motion to vacate the suspension and ordered him to post bail. (*Id*. ¶ 46.) In July 2011, however, a court clerk told Plaintiff the bail requirement had expired and he no longer needed to post bond. (*Id*. ¶ 51.) In September 2012, a court clerk informed Plaintiff he needed to contact a hearing officer or Hughes & Costello to negotiate a guilty plea on the outstanding charge. (*Id*. ¶ 54.) Plaintiff made multiple attempts to schedule a hearing. (*Id.* ¶ 56.) On September 28, 2012, a judicial law clerk, former Defendant Mark ("Mark"), told Plaintiff over the phone either to arrange a guilty plea by mail or a warrant would be issued for his arrest. (*Id*. ¶¶ 56, 58.) According to Plaintiff, Mark knew he was African-American, and Plaintiff felt threatened and intimidated. (*Id*. ¶ 59.) Plaintiff said he would file a lawsuit instead. (*Id*. ¶ 60.)

Plaintiff alleges that New Brighton failed to properly train and supervise Bengtson regarding no-proof-of-insurance violations and failed to properly train and supervise Hughes & Costello about the dismissal of the charge in the first instance. (*Id*. ¶¶ 63, 64.) He accuses New Brighton, Bengtson, Hughes & Costello, and Eason of conspiracy and abuse of process. (*Id*. ¶¶ 1-50.) He also asserts a denial of access to the courts claim and an intimidation claim against Mark (*id*. ¶¶ 51-62), but he has since voluntarily dismissed those claims. Lastly, Plaintiff brings a negligence claim against all Defendants. (*Id*. ¶¶ 67-69.)

## II.     Hughes & Costello's Motion to Dismiss

Hughes & Costello moves to dismiss on the ground of absolute immunity. The motion is captioned as though also brought by attorney Hughes, but Hughes is not named as an individual defendant.

Dismissal under Rule 12(b)(6) is proper when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). All facts alleged in the Amended Complaint are construed in the light most favorable to Plaintiff. *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Pleadings filed by pro se parties must be construed liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but "still must allege sufficient facts to support the claims advanced," *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Generally, a court may not consider matters outside the pleadings on a motion to dismiss, but the court may make exceptions to this rule for matters of public record, judicial orders, documents necessarily embraced by the pleadings, and exhibits attached to the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

Hughes & Costello asserts that Hughes was acting in his official capacity as the New Brighton City Attorney as part of the judicial process, and therefore, Hughes & Costello is entitled to absolute immunity. A prosecutor is absolutely immune from a § 1983 suit for damages for acts such as initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity does not apply, however, when a prosecutor acts "clearly outside" his or her jurisdiction in performing an administrative task. *Webster v. Gibson*, 913 F.2d 510, 514 (8th Cir. 1990) (quoting *Wilhelm v. Turner*, 431 F.2d 177, 180, 182-83 (8th Cir. 1970)); *see Imbler*, 424 U.S. at 431 n.33.

Plaintiff's claims against Hughes & Costello arose entirely from Hughes' actions as the City Attorney of New Brighton. According to the facts alleged in the Amended Complaint, Plaintiff is specifically challenging Hughes' decision to initiate a prosecution. As Hughes would be entitled to absolute immunity, his law firm Hughes & Costello is also entitled to absolute immunity. Therefore, Hughes & Costello's motion to dismiss should be granted.

### III. New Brighton and Bengtson's Motion to Dismiss

New Brighton and Bengtson urge the Court to decline jurisdiction under the *Younger* abstention doctrine because there is an ongoing criminal state court proceeding involving Plaintiff's failure to provide proof of insurance. New Brighton and Bengtson also seek dismissal under Rule 12(b)(6) for failure to state a claim.

#### A. *Younger* Abstention

Under the *Younger* abstention doctrine, "a federal court should decline jurisdiction over suits for equitable relief that unnecessarily interfere with state court proceedings." *Uland v. City of Winsted*, 570 F. Supp. 2d 1114, 1118 (D. Minn. 2008). The doctrine derives its name from *Younger v. Harris*, 401 U.S. 37 (1971), which addressed undue interference with criminal proceedings in state courts. *See Uland*, 570 F. Supp. 2d at 1118. To assess whether there is such interference, a federal court considers whether "(1) the federal action would disrupt an ongoing state judicial proceeding (2) which implicates important state interests and (3) which provides an adequate opportunity to raise constitutional challenges." *Cormack v. Settle-Beshears*, 474 F.3d 528, 532 (8th Cir. 2007) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). However, the *Younger* abstention doctrine governs only suits for equitable relief. *Uland*, 570 F. Supp. 2d at 1118. When a party requests both legal and equitable relief, "a federal court cannot decline jurisdiction over the legal claims." *Id.* Rather, the court

should "stay the federal proceeding until the state proceeding is resolved." *Id.* (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996); *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 603 (8th Cir. 1999)).

In this case, Plaintiff seeks both damages and equitable relief. (Am. Compl. Pt. VI.) Thus, dismissal of all claims under *Younger* is not possible at this time. If *Younger* abstention were applied, the proper remedy would be a stay. The Court will therefore proceed to the merits of Plaintiff's claims.

### B.    Claims Against Bengtson

Plaintiff accuses Bengtson of engaging in criminal process abuse, conspiracy to engage in criminal process abuse, and negligence. The sole basis for Plaintiff's claims is that Bengtson did not request Eason's identification or verify his address during the traffic stop, which Plaintiff alleges is required under Minn. Stat. § 169.791.

Plaintiff cannot assert a § 1983 claim against Bengtson based on an alleged violation of state law, such as Minn. Stat. § 169.791 or negligence. *See Whisman v. Rinehart*, 119 F.3d 1303, 1312 (8th Cir. 1997). To state an actionable claim, Plaintiff must allege facts demonstrating that Bengtson violated Plaintiff's federal constitutional rights. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999). Abuse of criminal process, and by extension conspiracy to engage in abuse of criminal process, is not cognizable under § 1983. *Fagnan v. City of Lino Lakes*, --- F. Supp. 2d ----, 2012 WL 5904727, at *4 (D. Minn. Nov. 26, 2012) (quotation and citations omitted). Similarly, negligence typically cannot found the basis of a § 1983 claim. *Young v. City of Little Rock*, 249 F.3d 730, 734 (8th Cir. 2001).

Even construing Plaintiff's claims against Bengtson as freestanding state law torts, the claims fail on the merits. To adequately allege a claim for abuse of criminal process, Plaintiff

must aver facts of (1) "an ulterior purpose" and (2) "the act of using the process to accomplish a result not within the scope of the proceeding in which it was issued." *Bigelow v. Galway*, 281 N.W.2d 835, 837 (Minn. 1978) (quoted in *Fagnan*, 2012 WL 5904727, at *4). The allegations in the Amended Complaint do not indicate either a hidden purpose or use of the criminal proceeding to reach a result outside the scope of the citation.

To plead a cause of action for negligence, the plaintiff must allege facts of "(1) the existence of a duty of care; (2) breach of that duty; (3) that an injury was sustained; and (4) that the breach of duty was the proximate cause of the injury." *Cummings v. Paramount Partners, LP*, 715 F. Supp. 2d 880, 914-15 (D. Minn. 2010) (citations omitted). Contrary to Plaintiff's argument, Minn. Stat. § 169.791 does not place a duty on a law enforcement officer to ask for a vehicle owner's identification or address. In fact, the statute puts the onus on the driver to disclose the vehicle owner's name and address to the officer making the stop. *See State v. Farleigh*, No. A07-1872, 2008 WL 4471364, at *1 (Minn. Ct. App. Oct. 7, 2008). Accordingly, there was no duty or breach of duty, and the negligence claim should be dismissed.[2]

Alternatively, Bengtson is entitled to official immunity on the state law claims. In Minnesota, "a public official is entitled to official immunity from state law claims when that official is charged by law with duties that require the exercise of judgment or discretion." *Johnson v. Morris*, 453 N.W.2d 31, 41 (Minn. 1990). Police officers are generally considered officials who exercise discretion in performing their duties, *id.* at 42, and issuing a traffic ticket is one such example, *Averbeck v. City of Minneapolis*, No. A03-1284, 2004 WL 887180, at *1 (Minn. Ct. App. Apr. 27, 2004). An officer will not be entitled to official immunity, however, if the officer acted maliciously or willfully in exercising his or her discretion. *Id.* In the official

---

[2] To the extent Plaintiff intended to bring a negligence per se claim, the claim fails for lack of a statutory violation by Bengtson and for lack of a statutorily-imposed duty of care.

immunity context, malice requires a showing that the public official intentionally committed "an act that the official has reason to believe is legally prohibited." *Kelly v. City of Minneapolis*, 598 N.W.2d 657, 663 (Minn. 1999).

Here, the Court finds that Bengtson exercised his discretion in conducting the traffic stop and not asking for Eason's identification or address. In addition, no facts alleged in the Complaint indicate that Bengtson believed he was committing an illegal act or that he actually committed an illegal act. Accordingly, the doctrine of official immunity bars Plaintiff's state law claims against Bengtson.

### C. Claims Against New Brighton

Plaintiff alleges that New Brighton is vicariously liable for the acts of Bengtson and Hughes. It is well-settled that vicarious, or respondeat superior, liability is not applicable to § 1983 claims. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978). Therefore, Plaintiff cannot plead an actionable § 1983 claim against New Brighton on this theory.

Plaintiff also alleges that New Brighton is liable for failing to properly train or supervise Bengtson in complying with Minn. Stat. § 169.791. As previously discussed, however, Bengtson did not violate Minn. Stat. § 169.791, nor would such a violation be actionable under § 1983. Accordingly, this claim fails, as well.

Lastly, Plaintiff alleges that New Brighton failed to properly train and supervise Hughes with respect to his decision to recharge Plaintiff with no proof of insurance. But a failure to train and supervise claim requires an underlying constitutional violation, *Royster v. Nichols*, 698 F.3d 681, 692 (8th Cir. 2012), and the Court has already determined Hughes is entitled to absolute immunity for his actions taken as City Attorney. Because there is no underlying constitutional violation, the failure-to-train-and-supervise claim should be dismissed.

**IV.** **Plaintiff's Motion for Leave to File a Second Amended Complaint and for Voluntary Dismissal of Claims Against Defendant Grosshans**

After Plaintiff filed his Motion for Leave to File a Second Amended Complaint and for Voluntary Dismissal of Claims Against Defendant Grosshans, Plaintiff voluntarily dismissed Defendant Mark Grosshans by filing a separate notice of dismissal (ECF No. 37). Therefore, this aspect of Plaintiff's motion is moot and should be denied as moot.

Plaintiff also seeks leave to add libel and slander claims against Hughes & Costello for drafting and sending a letter on December 3, 2012, that allegedly contained false information. Plaintiff also accuses attorney Hughes of maliciously implying that Plaintiff knew Eason had no proof of insurance on February 13, 2009, in order to recharge him on February 24, 2009. Lastly, Plaintiff attempts to assert a claim of intentional infliction of emotional distress against all Defendants. Defendants challenge the amendments as futile.

A motion to amend a complaint should be freely granted when justice requires, Fed. R. Civ. P. 15(a)(2), but the right to amend is not absolute. A court may deny amendment for "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (citation omitted). To determine whether a proposed amendment would be futile, the Court considers whether it could withstand a Rule 12(b)(6) motion to dismiss. *DeRoche v. All Am. Bottling Corp.*, 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998) (citations omitted).

Libel and slander both fall under the umbrella of defamation. *Bauer v. State*, 511 N.W.2d 447, 449 (Minn. 1994). Defamation requires the following elements: (1) a communication to a person other than the plaintiff, (2) falsity, and (3) a tendency to harm the plaintiff's reputation or standing in the community. *Bahr v. Boise Cascade Corp.*, 766 N.W.2d 910, 919-20 (Minn.

2009). Here, Plaintiff did not plead any facts supporting the first or third elements, and the libel and slander claims are therefore futile.

An intentional infliction of emotional distress claim requires allegations of "extreme and outrageous" conduct that is "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community." *Hubbard v. United Press Int'l, Inc*., 330 N.W.2d 428, 438-39 (Minn. 1983) (citations omitted). Plaintiff has not alleged extreme or outrageous conduct by any Defendant. Consequently, this claim is also futile.

## V.      Defendant Unknown Vehicle Owner

All Defendants except one have moved to dismiss and are entitled to dismissal. The case cannot be closed, however, because Unknown Vehicle Owner, who is identified later in the Amended Complaint as Eason, remains a party to the case. Plaintiff has not filed proof of service on Unknown Vehicle Owner, and Federal Rule of Civil Procedure 4(m) permits the Court to dismiss without prejudice after 120 days in such circumstances.

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff has not served Eason or any other individual described as Unknown Vehicle Owner within 120 days of filing the original complaint, and he has not shown good cause for his failure to do so. Accordingly, the Court gives notice to Plaintiff that unless he files proof of service on Unknown Vehicle Owner within fourteen days, all claims against Unknown Vehicle Owner may be dismissed without prejudice for insufficient service of process.

**VI.     Recommendation**

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.     Defendant Hughes & Costello's Motion to Dismiss (ECF No. 27) be **GRANTED**;

2.     Defendants City of New Brighton and Dustin Bengtson's Motion to Dismiss (ECF No. 30) be **GRANTED**;

3.     Plaintiff's Motion for Leave to File a Second Amended Complaint and for Voluntary Dismissal of Claims Against Defendant Grosshans (ECF No. 34) be **DENIED** as to leave to file a second amended complaint and **DENIED AS MOOT** as to voluntary dismissal of claims against Defendant Grosshans;

4.     Unless Plaintiff files proof of service of process on Unknown Vehicle Owner by the end of the fourteen-day period allowed for objections to this Report and Recommendation, all claims against Unknown Vehicle Owner be **DISMISSED WITHOUT PREJUDICE**; and

5.     **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: March 1, 2013

s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 18, 2013**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.